The BROTHERHOOD OF LOCOMOTIVE ENGINEERS, Brotherhood of Firemen, Brotherhood of Railroad Trainmen, Appellants,

v.

MINNEAPOLIS, SAINT PAUL AND SAULT STE. MARIE RAILROAD COMPANY, a corporation, Respondent,

Ernest D. Nelson, Anson J. Anderson and Martin Vealer, as members of the Public Service Commission, Appellants.

No. 7723.

Supreme Court of North Dakota.

Oct. 16, 1958.

————◆————

Gallagher & Paul, Mandan, for appellant, Brotherhood of Locomotive Engineers, Brotherhood of Firemen and Brotherhood of Railroad Trainmen.

Gerald G. Glaser, Bismarck, Commerce Counsel for Public Service Commission.

Palda, Palda & Peterson, Minot, Charles H. Clay, Ross L. Thorfinnson, Minneapolis, Minn., for respondent.

SATHRE, Judge.

This is an appeal by the Brotherhood of Locomotive Engineers, Brotherhood of Firemen, and Brotherhood of Railroad Trainmen, appellants, hereinafter referred to as the Brotherhoods, and by the Public Service Commission of the State of North Dakota, from a judgment of the district court of Rolette County, in favor of the Minneapolis, St. Paul and Saulte Ste. Marie Railroad Company, a corporation, hereinafter referred to as the Soo Line. The procedural history of the proceedings herein are substantially as follows:

The respondent Soo Line by posted notice and by letter to the North Dakota Public Service Commission, advised the general public and the Commission that effective April 12, 1954, the schedule of its branch line trains No. 211 and 212 would be changed from daily except Sunday service to tri-weekly service between Fordville and Kenmare, North Dakota. The Brotherhoods, appellants herein, objected to the proposed change of service by trains No. 211 and 212 and petitioned the Public Serv-ice Commission for a hearing thereon. After public hearing the Commission issued its order dated December 30, 1954, authorizing the Soo Line, respondent, to initiate tri-weekly mixed train service between Fordville and Kenmare, North Dakota. On January 18, 1955 the Brotherhoods, appellants herein, petitioned the Public Service Commission for a rehearing and reconsideration of the order made December 30, 1954. The respondent Soo Line contested the right of the Brotherhoods to petition for reconsideration. By its order dated March 9, 1955, the Commission set the matter for rehearing before the full Commission on the 29th day of March, 1955. Thereafter and on July 20, 1955 the Commission reversed its order of December 30, 1954 and issued a new Order requiring the Soo Line, respondent, to operate one mixed train each way each day except Sunday over its branch line between Fordville and Kenmare. The Soo Line appealed from its order to the District Court of Rolette County pursuant to Section 28-3215, NDRC 1943. The district court held that the three Brotherhoods, appellants herein, were not parties aggrieved within the meaning of Section 28-3214, NDRC 1943 and that the Commission was without jurisdiction to review the allegations of error contained in the petition of the Brotherhoods for rehearing and that the order made by the Commission of December 30, 1954 was a final order and res judicata so far as the Brotherhoods were concerned and that any order made subsequent to December 30, 1954 was void for lack of jurisdiction. The district court further held that Section 49-1402, NDRC 1943 which requires railroads to operate a minimum of at least one mixed train daily each way on every business day, does not apply to operations on branch lines such as the one involved in these proceedings. The district court held that the order of the Commission of December 30, 1954 providing for tri-weekly service was to be in full force and effect and the Public Service Commission was directed to so provide. Judgment was entered accordingly on July 28, 1956.

The case is here on appeal by the Brotherhoods and the Public Service Commission from the judgment of the district court. The appellants assign several specifications of error but they may be considered under two main propositions:

1. Whether railroads operating in this State under Section 49–1402, NDRC 1943 are required to furnish a minimum of daily except Sunday mixed train service on all branch lines of their railroads.

2. Whether the Brotherhoods are proper parties aggrieved under Section 28–3214, NDRC 1943 so as to entitle them to a rehearing and to vest the Public Service Commission with jurisdiction to amend or reverse its order made on December 30, 1954.

Section 49–1402, NDRC 1943 reads as follows:

"Every railroad corporation operating a line of railroads within this state, except a branch line, whether such line is wholly within this state or partly within this state and partly within another state or foreign country, shall move over its line or road within this state, each way on every business day of the year, at least one local passenger train to consist of not less than one engine and tender and combination mail, express and baggage car, and two passenger coaches, and at least one freight train. If any railroad corporation shall make it appear to the commission that the business on any line of its road will not justify its operating both the passenger and freight trains herein provided for and said commission shall so order, such company may operate one mixed train on such line each way on every business day in the year, for such time as said commission may direct. Such mixed train shall be supplied with not less than one passenger coach and one combination baggage and passenger coach for the accommodation of passengers. For each violation of the provisions of this section the railroad company shall be subject to a fine of five hundred dollars."

Section 49–1402 quoted above is practically identical with Section 4789, Compiled Laws of 1913, except that Section 4789 contained the phrase "that may hereafter be constructed", immediately following the phrase "except branch lines."

The 1943 Code Revision Commission in revising the Code, deleted from 4789, C.L. 1913 the phrase "that may hereafter be constructed", immediately following the phrase "except branch lines", so that the Section (now 49–1402) excepts branch lines from the requirement of daily passenger train service.

The changes made by the Code Revision Commission were made under authority vested in it by Chapter 110, N.D. Session Laws of 1939, and The Code as revised by the Code Commission was adopted by the legislative session of 1945. Section 1–0219, NDRC 1943 determines the effect and application of the 1943 Code upon statutes, laws, or rules that were in force at the time of its enactment of the 1943 legislature. Section 1–0219 provides:

"No statute, law, or rule is continued in force because it is consistent with the provisions of this code on the same subject, but in all cases provided for by this code all statutes, laws, and rules heretofore in force in the state, whether consistent or not with the provisions of this code, unless expressly continued in force by it, are all repealed and abrogated. This repeal or abrogation does not revive any former law heretofore repealed, nor does it affect any right already existing or accrued or any action or proceeding already taken, except as in this code provided, nor does it affect any private or local statute not expressly repealed, nor any outstanding appropriation."

■ It follows therefore that Section 49–1402, supra, as revised by the Code Revision

Commission and adopted by the Legislative Session of 1945 has no application to branch lines; but under the authority granted the Public Service Commission by said Section 49–1402 it has the power upon proper showing to make such regulations for passenger and freight transportation as will reasonably serve public convenience and necessity in areas where railway companies maintain branch lines.

▮▮ It is the contention of the respondent Soo Line however, that the Brotherhoods are not proper parties aggrieved within the meaning of Sections 28–3204 and 28–3214, NDRC 1943, and that therefore the Commission did not have jurisdiction to grant their petition for rehearing. Upon the record before us and the issues presented the question as to whether the Brotherhoods were aggrieved parties is immaterial. The Soo Line made no objection to the jurisdiction of the Service Commission when it was considering the petition of the Brotherhoods, appellants, for a rehearing. In fact, counsel for the Soo Line agreed to proceed with the rehearing and introduced evidence in support of his client's claim. Under the circumstances, the Soo Line having participated in the proceedings before the Commission on the rehearing without objection, it is not in position now to challenge the jurisdiction of the Commission. In any event the Commission clearly had authority under Section 49–0509, NDRC 1943 upon its own motion, to rescind, alter or amend its order of December 30, 1954 and to substitute in place thereof its order of July 30, 1955.

Section 49–0509 provides:

"The commission, at any time, upon due notice to the public utility affected and after opportunity to be heard as provided in the case of complaints, may rescind, alter, or amend any decision made by it. Any order rescinding, altering, or amending a prior order or decision, when served upon the public utility affected, shall have the same effect as an original order or decision."

The trial court correctly held that the provisions of Section 49–1402, NDRC 1943 requiring daily freight and passenger service does not apply to branch lines.

We are agreed, however, that the trial court erroneously held that the Public Service Commission was without jurisdiction to consider the petition for rehearing and to make its order of July 20, 1955.

▮ The order of July 20, 1955 raised issues involving the merits of the case as to public convenience and necessity and these issues were not decided by the trial court. Upon the record before us the case is remanded to the district court for trial upon the merits.

It is so ordered.

GRIMSON, C. J., and JOHNSON, BURKE and MORRIS, JJ., concur.